CARL VON SCHARFENBERG, Respondent, *v.* MARTIN S. BERNET, Defendant, Impleaded with JOHN A. KLEMANN and Another, Appellants.

First Department, June 18, 1929.

*Alvin C. Cass* of counsel [*Edward D. Dowling* with him on the brief; *Charles Snow Kellogg,* attorney], for the appellants.

*Samuel Hoffman* of counsel [*Shay & Hoffman,* attorneys], for the respondent.

MARTIN, J. The plaintiff brought this action against Martin S. Bernet, whom plaintiff employed to sell his Russian stamp collection, to recover its possession, alleging fraud and duress exercised by Bernet during the latter part of his agency. The complaint, as amended, joined the corporate defendant, The Nassau Stamp Company, upon allegations that such defendant was holding the collection without interest therein for the purpose of sale on behalf of the defendant Bernet.

The defendant John A. Klemann was voluntarily interpleaded. He interposed an answer denying the allegations of the complaint, and set forth by way of affirmative defense and counterclaim his *bona fide* purchase of the collection from defendant Martin S. Bernet.

The plaintiff, Baron Von Scharfenberg, resided at Eden Hotel, Berlin. He met the defendant Bernet at the Hotel Pennsylvania, in New York city, about July 1, 1926. The plaintiff entered into a written contract under which the stamp collection was to be forwarded to the United States, and Bernet was employed by the plaintiff to sell it.

The defendant Bernet was to have charge of the advertising, exhibition and sale of the collection at the International Philatelic Exhibition at Grand Central Palace.

The agreement dated July 7, 1926, created the relations between the plaintiff and defendant Bernet. It recites that Baron Von Scharfenberg desires to sell the collection in the United States of America at the best possible price and employs for that purpose, as agent, Mr. Bernet, of New York. It confers upon Bernet a general power of attorney including power of litigation; the right to do business of any description; to conclude contracts in his name; to exhibit the collection at the International Philatelic Exhibition, New York, 1926; authorizes Bernet to use every effort to interest collectors and do everything possible to obtain the highest possible sale price; to collect the sum to be paid for the collection; to deduct and pay over various sums of money out of the proceeds of the sale, and remit the balance to the plaintiff, and extends the duration of the agreement until the business matters provided for therein have been settled and regulated.

On July 13, 1926, the plaintiff executed a power of attorney in English, which was duly acknowledged, and this is the paper which was shown to defendant Klemann and which he says he relied upon at the time of his purchase of the collection. It is in the usual form, and constitutes Martin S. Bernet plaintiff's attorney. Among other things, the power of attorney provides " for the sale and marketing of my complete Russian stamp collection which will be given to him personally in Berlin, giving and granting unto him said attorney full power and authority to do and perform all and every act and thing whatsoever requisite and necessary to be done in and about the premises, as fully to all intents and purposes as he might or could do if personally present, with full power of substitution and revocation, hereby ratifying and confirming all that said attorney or substitute shall lawfully do or cause to be done by virtue hereof." .

The defendant Klemann says that he relied on the above clause in the power of attorney when he complied with the request of Bernet to draw the check in payment for the collection to the order of Paul F. Lowinger, rather than to Bernet.

The collection was secured by Bernet when he went with the plaintiff to Germany for that purpose. On September 7, 1926, the baron returned to this country with his present wife and Bernet and brought with him the stamp collection. From that date until October twenty-sixth, the date when one of the alleged coercive agreements was signed, Bernet was openly and notoriously acting as the agent of the plaintiff, with his knowledge and consent, carrying out the agreement of July 7, 1926, and the power of attorney.

This collection was exhibited at the International Philatelic Exhibition which took place at Grand Central Palace in New York city from October sixteenth to October twenty-third. At that time the defendant Klemann became acquainted with the collection and with the relationship between plaintiff and his agent Bernet.

The application for entry of plaintiff's collection was signed " Baron Carl von Scharfenberg by Martin S. Bernet, Attorney." The address of the exhibitor was given as Eden Hotel, Berlin. It recited that the exhibit was to be sent by Mr. Martin S. Bernet and the return address was given as " Martin S. Bernet, Hotel Pennsylvania, New York City." The collection was redelivered to Bernet for which he gave a receipt. No purchaser was found at that time and the plaintiff voluntarily left the collection with Bernet for four days after the conclusion of the exhibition.

The plaintiff intended to remain in this country after the exhibition closed, but he received a telegram a day or two thereafter requesting him to return to Germany. He then demanded that

Bernet return the collection for the purpose of turning it over to one Dr. Chittenden, president of the Philatelist Association and a member of the bar. Bernet was opposed to that course, stating that it would be too costly. He then refused to turn over the collection until he was paid $5,000 for services and disbursements, claiming he had worked on this matter exclusively from July to October and expended large sums of money. Plaintiff insisted that Bernet's disbursements amounted to not more than $400. Thereupon the plaintiff went to Paul C. Schnitzler, the attorney for the German Consul, and replevin papers were prepared to obtain possession of the stamp collection.

At this point in the controversy the plaintiff executed two bills of sale. The plaintiff says that it was through duress that he executed the bill of sale on October twenty-sixth for the sum of $4,500 with option of repurchase and the bill of sale dated October twenty-seventh, and because of threats made against him and his *fiancée*, and at a time when he was ignorant of the English language and was deceived and misled by a misinterpretation of those papers by Bernet.

The baron had purchased his ticket to sail for Germany the next day. His attorney had started a replevin suit in an attempt to secure possession of the collection. Bernet then demanded the $5,000 if he was to be displaced by Chittenden and agreed to take $4,500 but he insisted on protection. The baron refused to settle with Bernet and demanded a return of the stamps. Bernet threatened to have him arrested because he had entered the United States with a woman not his wife and because he was indebted to him, and insisted that the baron execute a bill of sale for the stamps. Fearing such disclosures and imprisonment he executed the bills of sale.

The baron for several months had been holding Bernet out as his agent; had left the stamps in his possession and had given him authority to sell the whole or any part of the collection. It was admitted that the plaintiff held Bernet out as his agent to sell the stamps; that he gave him possession thereof with bills of sale, transferring title, and a power of attorney clothing him with the appearance of authority.

The evidence shows that Klemann, the purchaser, relied upon these papers and acted in good faith and several witnesses testified that he paid full value for the stamps. The payment was admitted by Lowinger, who received the money and who retained $2,250 for his commission and gave $12,750 to Bernet, who admits he received that sum and never gave any part of it to the plaintiff.

The court at Special Term having found that the purchase by

Klemann was made in good faith and for full value and without any notice of defect in Bernet's title, the judgment should be reversed, with costs, and the complaint dismissed, with costs as to the defendants John A. Klemann and The Nassau Stamp Company.

MERRELL, O'MALLEY and PROSKAUER, JJ., concur.

Judgment reversed, with costs, and the complaint dismissed, with costs as to the defendants John A. Klemann and The Nassau Stamp Company.